```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
DARRYL BOARD,

                Petitioner,           MEMORANDUM AND ORDER
                                      91-CR-1219, 96-CV-3840,
-against-                             11-CV-3726, 13-CV-5335 (DRH)

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------X
A P P E A R A N C E S:

For Petitioner:
     Darryl Board, Pro Se
     # 38544-053
     F.C.I. Berlin
P.O. Box 9000
Berlin, NH 03570

For the Government:
     Loretta E. Lynch
     United States Attorney Eastern
     District of New York 100
     Federal Plaza Central Islip,
     New York 11722   By Carrie
     Capwell, A.U.S.A.
```

HURLEY, Senior District Judge

Pending before the Court are a series of applications by Darryl Board ("petitioner" or "Board"), proceeding pro se, made pursuant to 28 U.S.C. §§ 2241 and 2255.

## Background

After a jury trial which lasted from April 27, 1993 to July 21, 1993, Board was convicted of conspiracy to commit armed

robberies in violation of 18 U.S.C. § 371, one count of armed robbery in violation of 18 U.S.C. § 2114, two counts of armed robbery in violation of 18 U.S.C. § 2113, three counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and one count of possession of proceeds from an armed robbery in violation of 18 U.S.C. § 2113. Board was acquitted of another bank robbery and of a related weapons charge. In addition, Board's counsel obtained the pre-trial dismissal of two counts of the indictment due to improper venue.

On April 29, 1994 Board was sentenced, which sentence included a term of imprisonment of 56 years and 8 months. His conviction and sentence were affirmed by the Second Circuit Court of Appeals on April 30, 1996. United States v. Board, 101 F.3d 683 (2d Cir. 1996).

Petitioner's Letter to the Court Filed on February 18, 2014

In petitioner's letter filed on February 18, 2014, he withdraws his application under 96-CV-3840 (DRH) to reopen his "initial Habeas petition," as well as his application filed under 91-CR-1219 (DRH), explaining that "[he] was reading [his] Sentencing Transcript wearing [his] new reading glasses and . . . saw that the Court did [,contrary to his initial impression,] give [him] consecutive [, rather than concurrent] sentences on counts 21 and 29." (Pet.'s Feb. 14, 2014 Letter at 1.) Accordingly, he realized that his earlier claim under those two dockets that his "sentence was changed after [he was sentenced]" was incorrect.

Petitioner maintains, however, that the judgment reciting his sentence is still flawed in that "someone illegally

-2-

added . . . five years supervised release to his sentence from the Bureau of Prisons." Id. at 2. Indeed, that purported error is the subject of his outstanding petition under 13-CV-5335. As a result, Board asks "to have the five year supervise[d] release removed from his sentence and or the five year supervise[d] release covered by subtracting five years from the jail time to be served or credit him [with] five years jail time."[1]  Id.

In addition to the relief sought under 13-CV-5335, petitioner seeks, in docket 11-CR-3726, a "WRIT OF AUDITA QUERELA" pursuant to "28 U.S.C. § 1651(a)." (Pet. Filed on Aug. 1, 2011, p. 1.) I note, parenthetically, that the body of the 11-CR-3726 petition seems to mirror a portion of his complaint under the now withdrawn 91-CR-1219. However, at this juncture, I will deem this a new request while awaiting a response from the respondent United States of America.

With respect to petitioner's assertion in 13-CV-5335 that someone other than the Court endeavored to saddle him with five years of supervised release as part of his sentence on April 29, 1994, petitioner moved on October 28, 2013 "request[ing] the Court's leave to [supplement that claim] to show he is actual[ly]

---

[1] With respect to Board's claim that the Court did not impose a period of supervised release to follow the periods of incarceration, that claim is inconsistent with that portion of the sentencing transcript in which I stated that "there will be a period of five years of supervised release that is imposed to follow the periods of incarnation." (Apr. 28, 1994 Tr. at p. 56, lines 10-12.) That part of the sentence as pronounced in Court dovetails with the corresponding provision in the written judgment.

<u>innocent."</u>  See Letter Application Filed Oct. 28, 2013.  Title 28 U.S.C. § 2255(h) requires that a "second or successive motion" seeking the same relief as previously requested must be certified by "a panel of the appropriate Court of Appeals" before the matter may be further pursued.  28 U.S.C. § 2255(h).  Moreover, § 2255 has a "1-year period of limitation [applicable] to a motion under [that section]."  28 U.S.C. § 2255.  In any event, it is hereby ORDERED:

> 1.   That the Office of the United States Attorney, as attorney for respondent, shall file and serve a response to Board's pending 13-CV-5335 petition (including his October 28, 2013 Letter request to supplement that petition), as well as to his 11-CR-3726 petition, on or before April 18, 2014.
>
> 2.   The petitioner shall serve upon respondent and file with the Clerk of Court his reply, if any, on or before May 16, 2014. SO ORDERED.

Dated: March 11, 2014
     Central Islip, New York

                                      _____
                                      DENIS R. HURLEY, U.S.D.J.